PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* PASCASIO AYENDE, Defendant and Appellant.—PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* ROGELIO AYENDE, Defendant and Appellant.

No. 3713. Argued February 14, 1929.—Decided February 28, 1929.

Luis A. Castro for the appellants.  José E. Figueras for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

Pascasio Ayende and Rogelio Ayende were charged separately in a municipal court with the crime of assault and battery and on appeal to the District Court of San Juan both defendants were convicted.  The appeals taken by them to this court were heard together and will be disposed of in a single opinion because the acts charged are intimately related.

It is alleged by both appellants that the evidence on which they were convicted is insufficient.  We have read the evidence for the prosecution consisting of the testimony of policeman Carlos N. Montes and Carlos Berríos and find that it is sufficient to support the conclusion that while the said policeman was on duty and in uniform he was assaulted several times by Pascasio Ayende and that then Pascasio's brother Rogelio arrived on the scene and held the policeman while Pascasio beat him, after which Rogelio assaulted and beat the policeman also.  Both denied these facts and Rogelio attempted to prove that on that night he was not in San Juan but in Carolina.  The court gave credit to the evidence for the prosecution and we see no reason for holding that its finding was not correct.

Pascasio alleges also that the court erred in refusing to order a summons for one of his witnesses.  This appellant said in his testimony that he was living with a girl named Carmen Rosa and while he was talking with her between ten and eleven o'clock at night at the door of her house in the ward of La Perla the policeman came up and asked him what he was doing there; that when he answered that he was doing nothing the policeman ordered him to go to bed and then told the girl to lock the house and go to bed; that the police-

man decided to take him to the police station and struck him, whereupon he ran away and then the policeman fired several shots at him; that he did not beat the policeman; that these acts occurred between him and the policeman alone, without being seen by any other person. He said afterwards that the girl went to the municipal court and did not come to the trial in the district court because she feared the policeman, and that he could prove by her testimony that he did not assault the complainant. His attorney then moved the court to summon the said girl and the motion was overruled because the defendant had not asked for that summons at the beginning of the trial. That refusal was not error, not only because if she was a witness in his favor he was aware of that fact from the time of the occurrence and did not apply for the summons before the trial began, but also because, having testified that nobody had witnessed what had taken place between the policeman and himself, she was not a material witness in the case.

Both judgments must be affirmed.